## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. DANNY HUNTINGTON<br>607 14th Street, NW  SUITE 800<br>Washington, DC  20005 | :<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No._____ |
| | :<br>: |
| U.S. DEPARTMENT OF COMMERCE<br>1410 Constitution Ave., NW<br>Washington, DC  20230 | :<br>:<br>:<br>: |
| Defendant. | :<br>: |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, 37 CFR § 102 *et seq*. challenging the failure of the United States Department of Commerce ("Commerce") and its component, the United States Patent and Trademark Office ("PTO") to fulfill the requests of R. Danny Huntington for documents concerning the PTO's Sensitive Application Warning System ("SAWS") Program.

2.  This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's requests for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA.

## JURISDICTION AND VENUE

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702,

which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Plaintiff R. Danny Huntington is an attorney located in Washington, D.C.

5.  Defendant Commerce is an agency within the meaning of 5 U.S.C. § 552(f).  The PTO is a component of Commerce.  Defendant Commerce, through its component, the PTO is the federal agency with possession and control of the records responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6.  The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7.  An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

8.  An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial.  5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

12. The PTO has FOIA regulations mandating its requirements to respond to FOIA requests. 37 C.F.R. § 102 *et. seq.*

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### Request No. F-15-00107.

13. By email dated February 12, 2015, plaintiff submitted a FOIA request to the PTO seeking certain records concerning the SAWS Program. Specifically, plaintiff sought four (4) types of records:

(1). The biannual SAWS update including a.) all documentation, guidance, communication, articles or electronically stored emails or information as construed under Federal Rule of Civil Procedure 34(a)(1)(A) ("Documents") describing, documenting, or relating to procedures (including all attachments and templates) issued with respect to

SAWS since this program has been in existence in the mid-1990s and  b.) including within the scope of the request any Documents containing legal opinions, reports or explanations of the statutory bases for the SAWS program and its procedures as furnished after its first adoption in the mid-1990s and after any subsequent "update" thereof;

(2). Documents directing, instructing, or specifying the action(s) to be taken upon receiving a notification that "an allowance of a SAWS application is mistakenly mailed prior to the SAWS report.";

(3). Information pertaining to complete SAWS Reports, specifically a.) documents relating to, or instructing the preparation of, the "complete SAWS Report," including any listing, identification or explanations of the factors that should be considered or included in the SAWS Report's "Impact Statement" since this program has been in existence in the mid-1990s and b.) copies of the "template of the required [SAWS] report" provided in conjunction with every "update" of the SAWS procedures since this program has been in existence in the mid-1990s; and

(4). Information pertaining to forwarded, non-forwarded or removed SAWS reports, specifically a.) documents relating to, or specifying the conditions, circumstances or reasons for a TC Director not to forward the completed SAWS Report and instead save it "for future use," b.) documents, routing slips or designations identifying the positions or functions of persons "in other areas of the PTO" to whom the TC Directors forward the completed SAWS Reports after having made "the final decision on forwarding the SAWS report to other areas of the PTO," c.) documents relating to, or specifying how the forwarded complete SAWS Reports are used, assist, or contribute to an identifiable agency decision made by person(s) "in other areas of the PTO" with respect to the SAWS

application, d.) documents relating to, or specifying how an application previously flagged under SAWS is removed "from the SAWS database and unflagged" other than by abandonment or "applicants electing non-sensitive subject matter," or "applicants amending the claims to exclude sensitive subject matter" and e.) documents relating to, or directing examiners' communication with applicants through office actions rejecting claims having "sensitive subject matter," or suggesting the election of "non-sensitive subject matter," or amendment of "the claims to exclude sensitive subject matter."

14. By email dated March 20, 2015, the PTO responded to plaintiff's request and assigned it Request No. F-15-00107.  Further, the PTO indicated that it had located 118 pages responsive to plaintiff's request but that certain of the material was being withheld pursuant to FOIA Exemption 5.  The PTO provided administrative appeal rights.

15.  By letter dated April 15, 2015, plaintiff administratively appealed the PTO's March 20, 2015 action.  Plaintiff appealed the search for responsive records and the PTO's withholding of certain material pursuant to FOIA Exemption 5.

16. By letter dated April 16, 2015, PTO acknowledged receipt of plaintiff's administrative appeal and assigned it FOIA Appeal No. A-15-00014.

17.  By letter dated May 15, 2015, the PTO denied plaintiff's appeal. Specifically, the PTO found that it had conducted an adequate search for responsive records.  Additionally, the PTO stated that the records had properly been withheld pursuant to the quasi-judicial privilege and the deliberative process privilege.

## FOIA No. F-15-00190

18. By email dated April 30, 2015, plaintiff submitted a request referred to as "R3." This request sought, reporting separately for each Technology Center, wherein the

information for TC 3600 is separated by the business-method art units (AU 3621-29, 3681-89 and 3691-96) and other remaining art units, the following information on patent applications designated, flagged, or grouped under the SAWS ("SAWS Applications"):

a. List of actual filing dates for each SAWS Application pending as of the latest date available before the retirement of the SAWS program on March 2, 2015;

b. List of actual filing dates for each SAWS Application pending as of the end of fiscal year 2010;

c. List of actual filing dates for each SAWS Application pending as of the end of fiscal year 2006;

d. List of actual filing dates for each SAWS Application pending as of the end of fiscal year 2002; and

e. List of actual filing dates for each SAWS Application pending as of the end of fiscal year 1998.

19. By email dated April 30, 2015, plaintiff submitted a FOIA request designated "R4". This request sought three (3) items. Item 1 concerned SAWS Applications that are "flagged by the SAWS POC," by the "SAWS data base manager," or removed and "unflagged" by them. It specifically sought:

a. All manuals, instructions, training material, screen-shots, or records relating to, or describing the "flagging" and "unflagging" of SAWS Applications in the "SAWS database," the PALM, or the PALM EXPO systems; and

b. All manuals, instructions, training material, screen-shots, or records relating to, or describing the exportation of data or generation of reports pertaining to SAWS Applications from the "SAWS database," the PALM, or the PALM EXPO systems.

Further, plaintiff sought the PTO, at a minimum, search records and emails of "IT specialist(s) who maintain the PALM system," the "SAWS database manager," and the TC SAWS POCs including John LeGuyader, Kathleen Bragdon (TC1600), Peter Paras (TC1600), Patrick Ryan (TC1700), Jill Warden (TC1700), Vincent Trans (TC2100), Rehana Perveen (TC2100), Emmanuel Moise (TC2400), Tod Swann (TC2400), Daniel Swerdlow (TC2600), Hien Phan (TC2800), Diane Lee (TC2800), Terry Melius (TC3600), Robert Weinhardt (TC3600), Thomas Hughes (TC3700), Janet Baxter (TC3700), Greg Vidovich (TC3700), Henry Yuen (TC3700), Caron Veynar (TC2900), and Gregory Morse (CRU).

20. Item 2 of R4 sought all records, reports, or emails providing summary reports produced any time from 1994 to 2015 on SAWS Applications by Technology Centers, including numerical summaries on pendency or status, or separately reporting on issued, pending, or abandoned SAWS Applications. Responsive records also include reports on the number of SAWS Applications by TC, referred to "10th floor/OPLA review." In searching for responsive records for this request, the PTO should at least search the records and emails of the persons identified in relation to Request 1 above, prior SAWS POCs, and of those having overall responsibility for the SAWS program, including present and past Deputy Commissioners for Patent Operations.

21. Item 3 of R4 sought, reporting separately for each Technology Center, wherein the information for TC 3600 is separated by the business-method art units (AU 3621-29, 3681-89 and 3691-96) and other remaining art units, the following cumulative information on all SAWS Applications that were so tracked until the retirement of the SAWS program:

a. for applicants claiming micro entity status, the numbers for issued, abandoned, and pending SAWS Applications;

b. for applicants claiming small entity status, the numbers for issued, abandoned, and pending SAWS Applications; and

c. for applicants claiming large entity status, the numbers for issued, abandoned, and pending SAWS Applications.

22. By email dated April 30, 2015, plaintiff submitted a FOIA request designated "R5." R5 sought two items.  Item 1 sought (a) all communication records concerning Kimberly Jordan becoming the Board's SAWS Point of Contact, including job/task description and instructions for her handling and forwarding the SAWS notifications and SAWS memoranda. Responsive records for this request include Kimberly Jordan's own notes or write ups on the subject and (b) all communications, letters, memoranda, or emails concerning the  SAWS program sent to the Board's personnel including to Administrative Patent Judges ("APJ") since 1994 which contain any alerts to the SAWS program or explanations or instructions for how APJs should use or consider SAWS flag information or the SAWS memoranda.

23. Item 2 of R5 sought all post-decisional communications, letters, memoranda, or emails concerning the retirement of the SAWS program or instructions to TC Directors, TC SAWS POCs, or examiners of tasks and procedures for terminating or winding down the SAWS program, including instructions for clearing SAWS flags, or retaining or purging SAWS-related records.

24. By letter dated May 20, 2015, the PTO acknowledged receipt of the three FOIA requests of April 30, 2015 and assigned them one FOIA number, FOIA No. F-15-00190.  Further, the PTO estimated search and review fees of $5307.55 for the requests.

25. By letter dated June 11, 2015, plaintiff requested a breakdown of the fees for all the distinct requests consolidated by the PTO in FOIA No. F-15-00190.

26. By letter dated June 19, 2015, plaintiff promised to pay $250 to cover the estimated cost of R3.  Plaintiff again asked for a breakdown of the fees for the remaining requests.

27.  By email dated June 22, 2015, the PTO acknowledged receipt of plaintiff's June 19, 2015 letter.

28. By letter dated July24, 2015, the PTO responded to plaintiff's request R3. The PTO stated it had located information concerning the filing dates and Technology Center for SAWS applications pending as of March 2, 2015 and the end of fiscal year 2010.  The PTO denied this material in full pursuant to Exemption 5 of the FOIA.

29. By letter dated August 19, 2015, plaintiff appealed the search for responsive records and PTO's withholding of responsive material pursuant to plaintiff's request R3. Plaintiff also appealed the PTO's actions as to plaintiff's requests R4 and R5, including its failure to produce the records and provide plaintiff with an estimated cost breakdown for the processing of each request.

30. By letter dated September 22, 2015, the PTO denied plaintiff's appeal, which the PTO designated as Appeal No. A-15-00026.  The PTO stated that the search for the requested records in request R3 was adequate and that the material was properly withheld pursuant to FOIA Exemption 5 as it was privileged under the deliberative process and

quasi-judicial privileges.  Furthermore, the PTO disregarded plaintiff's arguments concerning requests R4 and R5 stating only that he argued "that the Agency's response to FOIA Request No. F-15-00190 was untimely and, as a consequence, the Agency may not require the payment of fees associated with the request."  The PTO stated that it "did not require you to pay fees associated with FOIA Request No. F -15-00190. Therefore, that aspect of your argument is inapposite."  No further discussion of the agency's failure to provide an estimated cost breakdown for Requests R4 and R5 were provided.

31.  By email dated November 5, 2015, plaintiff informed the PTO he is still interested in requests R4 and R5.  He stated that he believed that the PTO's failure to process these requests forfeited its opportunity to charge any fees.  Furthermore, he stated that if the PTO did believe that fees could be applied, he still sought an estimated cost breakdown for the processing of the requests.

32.  By a letter dated November 10, 2015, the PTO acknowledged receipt of plaintiff's November 5, 2015 email and designated it FOIA Request No. F-16-00037.

33.  The PTO has not responded to the November 5, 2015 email, nor has it provided any cost breakdowns or records for Requests R4 and R5.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
**(Failure to Conduct an Adequate Search)**

34.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

35.  Plaintiff submitted requests that reasonably described the records sought and was made in accordance with PTO's published rules.

36.  In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

37.  Therefore, defendant has violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

38.  Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

## CLAIM TWO
### (Failure to Produce Records Under the FOIA)

39.  Plaintiff realleges and incorporates by reference all preceding paragraphs.

40.  Plaintiff properly asked for records within defendant's control.

41.  Plaintiff is entitled by law to access the records requested under the FOIA, unless defendant make an explicit and justified statutory exemption claim.

42. Defendant has not produced all the records responsive to plaintiff's FOIA requests.

43.  Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Declare that defendant has violated the FOIA and agency regulations by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests of February 12, 2015 and April 30, 2015;

(2)  Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendant to release all records responsive to plaintiff's FOIA requests;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone (301) 404-0502
Fax (413) 641-2833


Attorney for Plaintiff